UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARK WUOTILA, Derivatively on Behalf of CVS CAREMARK CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS M. RYAN, HOWARD A. MCLURE, DAVID B. RICKARD, JONATHAN C. ROBERTS, KRISTEN E. GIBNEY WILLIAMS, EDWIN M. BANKS, MARIAN L. HEARD, WILLIAM H. JOYCE, RICHARD J. SWIFT, TERRENCE MURRAY, SHELI Z. ROSENBERG, DAVID W. DORMAN, C. DAVID BROWN II, JEAN-PIERRE MILLON, and C.A. LANCE PICCOLO,<br><br>Defendants,<br><br>and<br><br>CVS CAREMARK CORPORATION, a Delaware corporation,<br><br>Nominal Defendant. | Case No. 1:09-cv-00620-ML-PAS<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

WHEREAS, Plaintiff has moved this Court, unopposed, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure for an order: (a) preliminarily approving the proposed settlement (the "Settlement") of the above-captioned shareholder derivative action, in accordance with a Stipulation of Settlement dated March 21, 2016 and the exhibits thereto (the "Stipulation"), and (b) approving the form and distribution of the Notice of Pendency and Proposed Settlement of Shareholder Derivative Action ("Notice") and the Summary Notice of Pendency and Proposed Settlement of Shareholder Derivative Action ("Summary Notice") of the proposed Settlement;

WHEREAS, the Stipulation sets forth the terms and conditions of the Settlement, including, but not limited to: (a) a proposed Settlement and dismissal of the Action with prejudice by entry of a judgment by the Court; and (b) an award of attorneys' fees and expenses to counsel for Plaintiff and an incentive award for Plaintiff, upon the terms and conditions set forth in the Stipulation;

WHEREAS, the Court having: (a) read and considered Plaintiff's Unopposed Motion for Preliminary Approval of Shareholder Derivative Settlement together with the accompanying Memorandum of Law; (b) read and considered the Stipulation, as well as all the exhibits attached thereto; and (c) heard and considered arguments of the Parties, if any;

WHEREAS, the Court finds, upon a *preliminary evaluation*, that the proposed Settlement falls within the range of possible approval criteria, as it appears to provide a beneficial result for CVS Health Corporation (previously known as CVS Caremark Corporation) ("CVS" or the "Company") and its shareholders and appears to be the product of serious, informed, and non-collusive negotiations overseen by an experienced mediator, Jill Sperber;

WHEREAS, the Court also finds that CVS shareholders should be apprised of the Settlement through the proposed form of notice, allowed to file objections, if any, thereto, and appear at the Settlement Hearing; and

WHEREAS, except as otherwise expressly provided herein, all capitalized terms shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein);

NOW, THEREFORE, UPON GOOD CAUSE SHOWN, IT IS HEREBY ORDERED as follows:

1. This Court does hereby *preliminarily* approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein as fair, reasonable, and adequate, including the terms and conditions for: (a) a proposed Settlement and dismissal of the Action with prejudice by entry of a judgment by the Court; and (b) an award of attorneys' fees and expenses to counsel for Plaintiff and an incentive award to Plaintiff, upon the terms and conditions set forth in the Stipulation.

2. The Court approves, as to form and content, the Notice and the Summary Notice and finds that the provisions of the Notice and Summary Notice, substantially in the manner and form set forth in Exhibits B and C, respectively, to the Stipulation, meet the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto. Non-material changes to the form of Notice and Summary Notice may be made without further approval of the Court.

3. A hearing (the "Settlement Hearing") shall be held before this Court on August 5, 2016, at 10 a.m., in the U.S. District Court for the District of Rhode Island, located at Federal Building and Courthouse, One Exchange Terrace, Providence, Rhode Island 02903 to:

(a)  determine whether the terms and conditions of the Settlement provided for in the Stipulation are fair, adequate, and reasonable, and in the best interests of CVS and Current CVS shareholders;

(b)  determine whether the Notice and Summary Notice fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil procedure and requirements of due process;

(c)  consider entry of the Judgment: (i) approving the Settlement in its entirety and according to its terms and dismissing the Action with prejudice; (ii) providing that each of the Parties shall bear his or its own costs (unless except as expressly stated otherwise in the Stipulation); (iii) releasing and enjoining prosecution of any and all Released Claims, including Defendants' released claims, to be released pursuant to the Stipulation; and (iv) approving the agreed upon Fee and Expense Amount to Plaintiff's Counsel and Incentive Amount to Plaintiff; and

(d)  hear such other matters as the Court may deem necessary and appropriate.

4.  The Court approves the Parties' proposed schedule of events in connection with this Settlement, as follows:

| | |
|---|---|
| Summary Notice published once in *Investor's Business Daily* | 5 business days after the Court enters the Preliminary Approval Order (the "Notice Date") |
| Posting of a hyperlink to the Stipulation and Notice on the "Investors" section of CVS's website | 5 business days after the Court enters the Preliminary Approval Order |
| Plaintiff's papers in support of the Settlement, the Fee and Expense Amount, and the Incentive Amount | 21 calendar days prior to the Settlement Hearing |
| Last day for Current CVS Shareholders to comment on the Settlement | 14 calendar days prior to the Settlement Hearing |

| CVS's counsel to serve on counsel for Plaintiff and file with the Court proof, by affidavit or declaration, of the posting of the Notice and Stipulation and the publication of the Summary Notice | 14 calendar days prior to the Settlement Hearing |
|---|---|
| Plaintiff's responses to Current CVS Shareholders' objections to the Settlement, if any, and reply in further support of the Settlement, the Fee and Expense Amount, and the Incentive Amount | 7 calendar days prior to the Settlement Hearing |
| Settlement Hearing | 45 days after the Notice Date, at the Court's convenience (which amounts to at least 50 days after the entry of the Preliminary Approval Order) |

5. Not later than five (5) business days following entry of this Order, CVS shall cause the Summary Notice to be published once in the *Investor's Business Daily*. The Summary Notice shall provide information regarding how to access the Notice and Stipulation published on the "Investors" section of CVS's website.

6. Not later than five (5) business days following entry of this Order, CVS shall cause the Notice and the Stipulation to be posted on its website, such that visitors to the "Investors" section of the website will readily find a hyperlink to the Notice and Stipulation. The website posting set forth in this paragraph shall be maintained by CVS through the date of the Settlement Hearing.

7. CVS shall bear all financial responsibility for providing the Notice and the Summary Notice to CVS Shareholders.

8. At least fourteen (14) calendar days before the Settlement Hearing, CVS's counsel shall serve on counsel for Plaintiff and file with the Court proof, by affidavit or declaration, of the posting of the Notice and Stipulation, and the publication of the Summary Notice.

9. All papers in support of the Settlement, the Fee and Expense Amount, and the Incentive Amount shall be filed with the Court and served at least twenty-one (21) calendar days before the Settlement Hearing.

10. Any Current CVS Shareholders may appear and show cause, if he, she or it has any reason why the terms of the Settlement should not be approved as fair, adequate, and reasonable, or why a Judgment should not be entered thereon, provided, however, unless otherwise ordered by the Court, no Current CVS Shareholder shall be heard or entitled to contest the approval of all or any of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, unless that Person has, at least fourteen (14) calendar days before the Settlement Hearing, filed with the Clerk of the Court: (a) a written notice of objection with the Person's name, address, and telephone number, along with a representation as to whether such Person intends to appear at the Settlement Hearing; (b) competent evidence that such Person held shares of CVS common stock as of March 21, 2016, and continues to hold shares of CVS common stock as of the date of the Settlement Hearing; (c) a statement of objections to any matters before the Court, the grounds therefor, or the reasons for such Person desiring to appear and be heard, as well as all documents or writings such Person desires the Court to consider; and (d) the identities of any witnesses such Person plans on calling at the Settlement Hearing, along with a summary description of their likely testimony. In addition, on or before the date of such filing, that Person must also serve the same documents on the following counsel (delivered by hand or sent by First-Class Mail):

*Counsel for Plaintiff:*

ROBBINS ARROYO LLP
Kevin A. Seely, Esq.
600 B Street, Suite 1900
San Diego, CA 92101

*Counsel for Defendants*:

WILLIAMS & CONNOLLY LLP
Margaret A. Keeley, Esq.
725 12th Street NW
Washington, DC 20005

The written objections and copies of any papers and briefs in support thereof to be filed in Court shall be delivered by hand or sent by First-Class Mail to:

Clerk of the Court
U.S. District Court for the District of Rhode Island
Federal Building and Courthouse
One Exchange Terrace
Providence, RI 02903

Any Current CVS Shareholder who does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement as incorporated in the Stipulation, the Fee and Expense Amount to Plaintiff's Counsel, and the Incentive Amount, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

11. At least seven (7) calendar days before the Settlement Hearing, Plaintiff shall file all reply memoranda in further support of the Settlement, the Fee and Expense Amount, and the Incentive Amount, and in response to Current CVS Shareholders' objections, if any.

12. All Current CVS Shareholders shall be bound by all orders, determinations, and judgments concerning the Settlement, whether favorable or unfavorable to Current CVS Shareholders.

13. Pending final determination of whether the Settlement should be approved, no Current CVS Shareholder, either directly, representatively, or in any other capacity, shall

commence or prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.

14. Pending final determination of whether the Settlement should be approved, no Defendant, either directly, representatively, or in any other capacity, shall commence or prosecute against Plaintiff and Plaintiff's Counsel, for any claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

15. If Court approval of the Settlement does not occur for any reason, the Settlement and the Stipulation shall be null and void and of no force and effect. In such event, the Parties shall return to their respective litigation positions in the Action as of the time immediately prior to the date of the execution of the Stipulation, as though it were never executed or agreed to, and the Stipulation shall not be deemed to prejudice in any way the positions of the Parties with respect to the Action, or to constitute an admission of fact by any Party, shall not entitle any Party to recover any costs or expenses incurred in connection with the implementation of the Stipulation or the Settlement, and neither the existence of the Stipulation nor its contents shall be admissible in evidence or be referred to for any purposes in the Actions, or in any litigation or judicial proceeding, other than to enforce the terms therein.

16. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to the Current CVS Shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties,

if appropriate, without further notice to the Current CVS Shareholders.

IT IS SO ORDERED.

DATED: 6/3/16

/s/ Mary M. Lisi
THE HONORABLE MARY M. LISI
DISTRICT COURT JUDGE

1075881

- 8 -