# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARK WUOTILA, Derivatively on Behalf of CVS CAREMARK CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>THOMAS M. RYAN, HOWARD A. MCLURE, DAVID B. RICKARD, JONATHAN C. ROBERTS, KRISTEN E. GIBNEY WILLIAMS, EDWIN M. BANKS, MARIAN L. HEARD, WILLIAM H. JOYCE, RICHARD J. SWIFT, TERRENCE MURRAY, SHELI Z. ROSENBERG, DAVID W. DORMAN, C. DAVID BROWN II, JEAN-PIERRE MILLON, and C.A. LANCE PICCOLO,<br><br>        Defendants,<br><br>and<br><br>CVS CAREMARK CORPORATION, a Delaware corporation,<br><br>        Nominal Defendant. | Case No. 1:09-cv-00620-ML-PAS<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL** |

This matter came before the Court for hearing, pursuant to the Preliminary Approval Order of this Court dated June 3, 2016 (Dkt. #51), on the application of Plaintiff Mark Wuotila ("Plaintiff") for approval of the Settlement set forth in the Stipulation of Settlement dated March 21, 2016 and the exhibits thereto (the "Stipulation").

The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement; the Court being fully advised of the premises and good cause appearing therefore, the Court enters this Final Judgment and Order of Dismissal (the "Judgment").

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. For purposes of this Judgment, the Court incorporates by reference the definitions in the Stipulation and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation unless otherwise defined.

2. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all Parties to the Action.

3. The Court finds that during the course of the Action, the Parties and their respective counsel at all times acted professionally and in compliance with Rule 11 of the Federal Rules of Civil Procedure, and all other similar statutes or court rules with respect to any claims or defenses in the Action.

4. The Court finds that the Notice and Summary Notice provided to CVS Health Corporation (previously known as CVS Caremark Corporation) ("CVS" or the "Company") shareholders constituted the best notice practicable under the circumstances. The Notice and Summary Notice fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process.

5. The Court finds that the terms of the Stipulation and Settlement are fair, adequate, and reasonable and in the best interest of CVS and its shareholders, including Current CVS Shareholders, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Parties to perform its terms to the extent the Parties have not already done so.

6. Pursuant to entry of this Judgment, the Action is hereby dismissed with prejudice. As among the Plaintiff, the Individual Defendants, and nominal defendant CVS, the Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice the Released Claims (including Unknown Claims) against the Released Persons and any and all claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Action against the Released Persons; provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation or the Settlement.

8. Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice Plaintiff and Plaintiff's Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation or the Settlement.

9. Nothing herein constitutes or reflects a waiver or release of any rights or claims of Defendants and/or CVS against their insurers, or their insurers' subsidiaries, predecessors,

successors, assigns, affiliates, or representatives, including, but not limited to, any rights or claims by the Defendants and/or CVS under any directors' and officers' liability insurance or other applicable insurance coverage maintained by the Company. Nothing herein constitutes or reflects a waiver or release of any rights or claims of the Defendants relating in any way to indemnification or advancement of attorneys' fees relating to the Action or the Released Claims, whether under any written indemnification or advancement agreement, or under the Company's charter, by-laws or operating agreement, or under applicable law.

10.  Upon the Effective Date, Plaintiff and Current CVS Shareholders are barred and enjoined from commencing, prosecuting, investigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claim against any of the Released Persons.

11.  The Court hereby approves the Fee and Expense Amount of $270,000 in accordance with the Stipulation and finds that such fee is fair and reasonable.

12.  Within ten (10) business days of issuance of this Judgment, notwithstanding the existence of any timely filed objections to the Settlement, or potential for appeal therefrom, CVS's Board shall cause CVS's and the Individual Defendants' insurers to pay the Fee and Expense Amount to Robbins Arroyo LLP as receiving agent for Plaintiff's Counsel, subject to Plaintiff's Counsel's several obligation to make appropriate refunds or repayment of the principal amount received and any accrued interest thereon less taxes within ten (10) business days if, as a result of any further Order of the Court, appeal, further proceedings or remand, or successful collateral attack, the Settlement is not approved or is overturned on appeal.

13. The Court further finds that Plaintiff shall be awarded an Incentive Amount in the amount of $2,000 in recognition of his participation and efforts in the prosecution and Settlement of the Action. The Incentive Amount shall be paid from the Fee and Expense Amount.

14. Neither the Stipulation (including the exhibits attached thereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be, or may be offered, attempted to be offered, or used in any way by the Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing, or liability of the Parties, or of the validity of any Released Claims; or (b) is intended by the Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative. The Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, and any of the Parties may file the Stipulation and documents executed pursuant and in furtherance thereto in any action to enforce the Settlement.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation.

16. In the event that this Judgment is rendered or declared invalid by a court of competent jurisdiction, such invalidation of such part or portion of the Stipulation should not invalidate the remaining portions thereof, and they shall remain in full force and effect.

17. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be vacated, and all Orders entered and releases delivered in connection with the Stipulation and this Judgment shall be null and void, except as otherwise provided for in the Stipulation.

18. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. The Court directs immediate entry of this final Judgment by the Clerk of the Court.

\* \* \*

## ORDER

**IT IS SO ORDERED.**

DATED: 8/5/2016

/s/ Mary M. Lisi
THE HONORABLE MARY M. LISI
DISTRICT COURT JUDGE

1112600